J-S08012-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER MBEWE | : | |
| | : | No. 751 WDA 2017 |
| Appellant | | |

Appeal from the PCRA Order May 2, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000592-2006

BEFORE: LAZARUS, J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.: FILED MARCH 13, 2018

Christopher Mbewe appeals from the order, entered in the Court of Common Pleas of Allegheny County, dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"). Upon careful review, we affirm.

Mbewe was convicted by a jury of the first-degree murder of his mother-in-law and, on October 20, 2009, was sentenced to a mandatory term of life imprisonment without the possibility of parole. On appeal our Court affirmed his judgment of sentence and, by order dated October 5, 2012, our Supreme Court denied allowance of appeal. In 2012, Mbewe filed a PCRA petition. The trial court's dismissal of that petition was affirmed by this Court; the Supreme Court denied allowance of appeal on April 12, 2016. That same date, Mbewe filed a second PCRA petition and a request for a stay pending completion of

_____

* Former Justice specially assigned to the Superior Court.

appellate proceedings in the federal court with regard to Mbewe's first PCRA petition.[1]  The petition, though facially untimely, alleged newly-discovered facts.  Specifically, Mbewe claimed that he had obtained information from a fellow inmate, Germaine Edge, that Mbewe's then-wife, Kimberly, the daughter of the victim, had purchased a gun six months prior to the murder.  Mbewe submitted an unsworn affidavit from Edge to that effect, and asserted that the new facts formed the basis of a meritorious after-discovered evidence claim that Kimberly could have also committed the crime.

On October 13, 2016, counsel filed a motion to lift the stay, which the PCRA court granted.  Counsel subsequently moved to withdraw, which the court permitted.  Current counsel was appointed on December 13, 2016.  On February 6, 2017, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, to which Mbewe filed objections.  The court formally dismissed Mbewe's petition on May 2, 2017.  This timely appeal follows, in which Mbewe claims that the PCRA court erred in dismissing his petition without an evidentiary hearing because the after-discovered evidence he presented in his petition would have established an alternate viable suspect in the homicide which would have compelled a different result at trial.

We begin by noting our well-settled standard of review:

---

[1] In filing the new PCRA petition while Mbewe's prior appeal was still pending, counsel acted to protect Mbewe's rights by complying with section 9545(b)(2), which requires that any petition invoking an exception to the time bar be filed within sixty-days of the date the claim could have been presented.

- 2 -

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a de novo standard of review to the PCRA court's legal conclusions.
>
> Additionally, courts will not entertain a second or subsequent request for PCRA relief unless the petitioner makes a strong prima facie showing that a miscarriage of justice may have occurred. Appellant makes a prima facie showing of entitlement to relief only if he demonstrates either that the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged.

Commonwealth v. Medina, 92 A.3d 1210, 1214–15 (Pa. Super. 2014) (citations and quotations omitted).

A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. See 42 Pa.C.S.A. § 9545(b)(1). Any petition invoking such an exception must be filed within 60 days of the date the claim could have been presented. See id. § 9545(b)(2). The timeliness of a PCRA petition implicates the jurisdiction of the PCRA court. Commonwealth v. Williams, 35 A.3d 44, 52 (Pa. Super. 2011). No court has jurisdiction to hear an untimely PCRA petition. Id.

Here, Mbewe's judgment of sentence became final on or about January 3, 2013, at the expiration of the 90-day period for filing a petition for writ of

certiorari to the U.S. Supreme Court. See 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final at conclusion of direct review or expiration of period for seeking such review); Sup. Ct. R. 13. Thus, Mbewe had until January 3, 2014, to file a timely PCRA petition. The instant petition was filed on April 12, 2016, more than three years after his judgment of sentence became final. Accordingly, Mbewe's petition was patently untimely and the PCRA court lacked jurisdiction to consider his claims unless he pled and proved one or more of the exceptions to the time bar.

In his petition and on appeal, Mbewe invokes the newly-discovered facts exception to the jurisdictional time bar under section 9545(b)(1)(ii). This Court recently clarified a petitioner's burden under section 9545(b)(1)(ii) as follows:

> The timeliness exception set forth at [s]ection 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, [s]ection 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. See 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, inter alia, unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced). In other words, the "new facts" exception at subsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) [those facts] could not have

been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

Thus, the "new facts" exception at [s]ection 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

Commonwealth v. Brown, 111 A.3d 171, 176–77 (Pa. Super. 2015) (some internal citations, quotation marks and punctuation omitted).

Thus, prior to addressing the merits of Mbewe's after-discovered evidence claim, we must determine whether the trial court possessed jurisdiction to consider Mbewe's facially untimely claim.[2] The Commonwealth argues that Mbewe has not satisfied the requirements of the newly-discovered fact exception to the time bar[3] because Edge's unsworn affidavit did not contain a newly-discovered fact. Rather, the Commonwealth asserts that it contained "only information that might have led to the discovery of other facts, i.e., that [Kimberly] was in a position to use that gun on the day in question

_____

[2] Here, the PCRA court omitted to address the threshold question of whether Mbewe satisfied the jurisdictional requirement under section 9545(b)(1)(ii) and proceeded directly to an after-discovered evidence analysis, after which it concluded that Mbewe was not entitled to relief. As the Commonwealth correctly points out, this conflation of two distinct determinations – one jurisdictional and one substantive – was error on the part of the PCRA court. However, we may affirm a decision of the trial court when it is correct on any basis. Commonwealth v. Ahlborn, 683 A.2d 632, 641 n.14 (Pa. Super. 1996).

[3] We note that, in its answer filed in the PCRA court to Mbewe's petition, the Commonwealth conceded that Mbewe had satisfied the newly-discovered facts exception to the time bar.

and was a viable suspect in her mother's murder." Brief of Appellee, at 20.[4] We disagree. If believed by the factfinder at a hearing, Edge's proposed testimony would constitute a "fact . . . unknown to the petitioner [which] could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). The court, however, did not hold a hearing on Mbewe's petition and, thus, made no determination as to the credibility of Edge's proposed testimony. While a remand might otherwise be necessary to allow Mbewe to present Edge's testimony, we conclude that any error on the part of the court in failing to hold such a hearing was harmless because Mbewe is, ultimately, entitled to no relief on his underlying after-discovered evidence claim.

Under the PCRA, a petitioner may be entitled to relief where he pleads and proves "the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of trial had it been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). To be eligible for relief under such a claim, a petitioner must prove that "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." Commonwealth v. Cox, 146 A.3d 221, 228 (Pa. 2016).

_____

[4] The Commonwealth does not argue that Mbewe could have discovered the facts contained in Edge's affidavit sooner with the exercise of due diligence.

Here, even if Edge's testimony were credited by the factfinder, it would not change the outcome of trial. The Commonwealth presented overwhelming evidence at trial that Mbewe was the individual who killed the victim. Mbewe was aware that Kimberly was in the process of taking their daughter and leaving him to move into an apartment with the victim, and that the victim had an appointment to sign a lease on the day she was murdered. He was aware that the victim did not like him and disapproved of the manner in which he treated Kimberly. Mbewe lived less than 1½ miles from the murder scene and was placed by a witness with the victim less than a half hour before the shooting. A witness testified that she had spoken to the victim, who was sitting in her car, less than 15 minutes prior to the shooting and that the victim informed her she was waiting for her son-in-law. The victim was found dead in her car at the same location of gunshot wounds fired at close range, suggesting she knew her killer and had allowed him to enter her car.

Additionally, Mbewe engaged in erratic behavior in the time period following the murder, providing inconsistent and contradictory statements of his whereabouts. He told police that a friend named Ben Adams was with the victim the last time Mbewe saw her, but he could not provide an address or phone number for Adams, and police were unable to locate an individual with that name through driver's license, police, or INS records. Mbewe repeatedly denied to police that he owned a camouflage jacket, although he was seen wearing one on the day of the shooting and Kimberly confirmed that he owned one. He subsequently presented a camouflage jacket to the police, claiming

it was his. However, police determined he had purchased it from a thrift store several days after the murder. Mbewe also called the police on multiple occasions, telling them he wanted to talk to them because "he had stuff to get off his chest" and that he "wanted to tell [them] something but he wasn't ready yet." N.T. Trial, 7/7-7/15/09, at 283.

Finally, Kimberly Mbewe had an alibi for the time of the shooting. Specifically, she was at work in another county approximately two hours from the location of the shooting. This fact was confirmed by cell phone records of calls placed by Kimberly from her boss' cell phone to both Mbewe's and the victim's phones near the time of the murder.

In light of the foregoing, it is apparent that, even if Kimberly Mbewe had purchased a gun six months prior to the murder, the result of trial would not change. See Cox, supra. Not only did Kimberly have an alibi demonstrating that she could not have been at the scene of the shooting at the time it occurred, Mbewe has no proof that Kimberly was still in possession of a gun at the time of the murder. Accordingly, the PCRA court did not err in denying Mbewe's petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/13/2018

- 8 -